IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ROBERTO RODRIGUEZ, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 3:14-CV-05091-DGK |
| ) | Crim. No. 3:10-CR-05018-DGK |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT**

This case arises out of Movant Roberto Rodriguez's conviction and 292-month prison sentence for various methamphetamine and firearm offenses. Pending before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (Civ. Doc. 1).[1] Finding no merit to any of Movant's claims, the Court DENIES the motion. The Court also declines to issue a certificate of appealability.

**Procedural History**[2]

A search of Movant's car on December 7, 2009, and a separate search of his home on February 1, 2010, yielded three guns, methamphetamine, and methamphetamine paraphernalia. A grand jury subsequently issued a six-count superseding indictment (Crim. Doc. 32) against Movant, charging him with: (1) conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) being a felon in possession of a firearm (yielded from the car search); (3) possessing with the intent to distribute 50 grams or

---

[1] Throughout the opinion, references to civil case documents will be "Civ. Doc.__," while references to criminal case documents will be "Crim. Doc.__."

[2] As in its previous order, the Court adopts large portions of the Government's factual recitation contained in its suggestions in opposition (Civ. Doc. 13) because it accurately summarizes the record.

more of a mixture or substance containing a detectable amount of methamphetamine; (4) being a felon in possession of a firearm (yielded from the house search); (5) possessing a stolen firearm; and (6) maintaining a drug involved premises.  The indictment also contained forfeiture allegations regarding the seized guns and requested a money judgment.  The state of Missouri concurrently filed charges against Movant.

On June 7, 2010, the Government offered Movant a plea deal under which he would plead guilty to Count Four in exchange for dismissal of the remaining counts and a low-end Guidelines sentence recommendation.  On June 14, 2010, Movant's attorney ("Counsel") informed the Government that Movant had rejected the offer.  The Government then counteroffered that it would also convince the State to dismiss the pending state charges.  On June 28, 2010, Counsel informed the Government that Movant rejected the counteroffer.

After unsuccessfully moving to suppress some of the evidence against him, Movant received another plea offer from the Government.  Movant orally accepted the plea offer on January 20, 2011, but later rejected the written offer which required him to plead guilty to Counts One, Two, Four, and the forfeiture allegations.

At trial, a jury convicted Movant on all counts submitted to them.[3]  The trial court[4] sentenced Movant to concurrent terms of imprisonment of 292 months on Counts One and Three, 120 months on Counts Two and Four, and 240 months on Count Six.  During allocution, Movant accepted full responsibility for possessing the guns but only partial responsibility for the methamphetamine-related crimes, insisting as he does today that he was not a methamphetamine dealer.

---

[3] The Government dismissed Count Five during trial.

[4] The Honorable Richard Dorr, United States District Court Judge for the Western District of Missouri.

2

Movant appealed. On appeal, Counsel repeatedly failed to file Movant's opening brief despite being given numerous extensions and receiving several show cause orders for failure to prosecute. *See* Order of Discipline, *United States v. Rodriguez*, No. 11-3321 (8th Cir. Aug. 21, 2012). After Counsel's repeated failure to answer the show cause orders, the Eighth Circuit removed him from the case and suspended him from practicing before the Eighth Circuit. *Id.* Movant's newly appointed attorney then filed a brief challenging the district court's denial of his motions to suppress, the sufficiency of the evidence on his firearm convictions, and guideline calculations. The Eighth Circuit affirmed. On December 2, 2013, the United States Supreme Court denied Movant's subsequent petition for a writ of certiorari.

Movant timely filed a § 2255 motion. It raised four grounds of ineffective assistance of counsel: (1) prior to trial, Counsel erroneously advised Movant to go to trial without properly investigating the case and despite the fact that Movant wished to plead guilty; (2) Counsel erroneously advised Movant to reject the Government's second plea offer because it required Movant to plead to the drug charges that Counsel believed he could beat at trial; (3) during trial, Counsel erroneously advised him that two of Movant's criminal associates would not testify, but when they did and Movant asked if he could plead guilty, Counsel advised him that he could not since trial had commenced; and (4) Counsel failed to adequately investigate Movant's claims about the credibility of the criminal associates, and had he done so, the trial court would have found him responsible for a lesser quantity of drugs at sentencing, resulting in a shorter prison sentence.

The Government responded (Civ. Doc. 13), claiming that each of the four grounds are refuted by the record or foreclosed by governing precedent. In so doing, the Government attached email communications from Counsel to the Assistant United States Attorney

prosecuting the case. These exchanges showed that the United States made two offers: one on June 7, 2010, and another offer in January 2011. The response, however, did not contain an affidavit from Counsel because he refused the Government's numerous requests for one.

Movant then timely filed a motion to supplement (Civ. Doc. 15), claiming that he should be allowed to add an additional claim for ineffective assistance of counsel because he first learned of the June 7, 2010, plea offer from the Government's brief, not Counsel. Movant also requested appointment of counsel and leave to conduct limited discovery (Civ. Doc. 17).

The Court granted these motions (Doc. 22). Movant's fifth, supplemental claim of ineffective assistance of counsel is that Counsel failed to communicate all plea offers to him.

### The Court's Findings Regarding the Evidentiary Hearing

On September 14, 2015, the Court held an evidentiary hearing. The primary purpose of this hearing was to flesh out the factual basis of Movant's claim that Counsel did not communicate all plea offers to him, but the Court permitted both parties to present evidence relevant to any of Movant's claims. Movant and Counsel both testified.

Movant's testimony was consistent with his allegations, but not credible. Movant's testimony appears to have been motivated by his belief that the 292-month sentence imposed on him was unfair and his desire to be released from prison, not a desire to tell the truth.

Among other things, Movant testified that Counsel only communicated one plea offer to him, and that offer was for seven to eight years' imprisonment. Counsel purportedly advised him that if he lost at trial he would only get ten years and recommended that he refuse the deal and go to trial. (As Movant put it, Counsel "brainwashed me to go to trial." Tr. at 8.) Movant testified he refused the Government's offer based on Counsel's advice.

4

Movant also testified that Counsel told him that two crucial witnesses against him, Michael Warrant and Ashley Henderson, would not testify at trial. When these witnesses did appear, Counsel told him their testimony would not hurt him. Movant also claimed that during trial he told Counsel he wanted to plead guilty, but Counsel told him he could not because the trial had already started.

During cross-examination, Movant admitted that during his arraignment he was given a copy of the indictment, and it stated that the mandatory minimum for conspiracy is not less than ten years. Tr. at 18-19. He also acknowledged that he had been convicted of felonies in other cases, and he knew that it was ultimately his choice whether to accept or reject any plea offer. Tr. at 19.

Counsel then testified. He testified that he was already representing Movant on state charges when Movant was indicted on the federal charges. Tr. at 26. Movant engaged Counsel to represent him on the federal charges but never paid him. Tr. at 27, 67. Counsel reported plea discussions that occurred in a series of emails between himself and the prosecutor in June and July of 2010. Tr. at 29-32. The Government's initial offer was that Movant would plead guilty to Count Four, and in return the Government would dismiss all other counts against Movant and recommend a sentence at the low end of the guideline range. Tr. at 31; Ex. 1.

Counsel testified in some detail about his visit to the St. Clair County Jail where he communicated the offer to Movant. Tr. at 32-33. He indicated he stated the offer and then walked Movant through his calculation of what he believed the likely applicable guideline range would be. Tr. at 33, 61. He also explained to Movant that his calculation of the guideline sentence could be wrong, and that the Court could sentence him up to the statutory maximum. Tr. at 33-35. He testified that Movant had "a firm understanding" of what he was telling him,

5

and that Movant decided to decline the plea offer. Tr. at 35, 61. Counsel communicated this rejection to the Government in an email dated June 14, 2010. R. at 35-37; Ex. 2.

Counsel also testified about subsequent plea negotiations and plea offers, all of which were communicated to his client. Many of these offers are memorialized in emails that are part of the record. Tr. at 37-46; Ex. 3-7. Movant refused all of these offers, with the exception of an offer he orally accepted and then rejected once it was reduced to writing.

Counsel also testified at some length about his case investigation, what his strategic thinking was, and that Movant never told him during trial that he wanted to plead guilty.

The Court finds Counsel's testimony on these points to be credible. His testimony rebutting Movant's allegations that he failed to forward all plea offers to him is particularly trustworthy because it is corroborated by numerous emails exchanged between Counsel and the prosecutor. Ex. 1-7.

## Standard of Review

In a proceeding brought under 28 U.S.C. § 2255, the district court may "vacate, set aside or correct [a] sentence" that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

## DISCUSSION

### I. Movant's claims are meritless.

At this point, Movant asserts five claims,[5] all of which are meritless.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial

---

[5] Movant's memorandum in support of his initial motion described six different ways his right to effective counsel was violated. These six arguments are duplicative and do not go beyond the four claims in his initial motion and the fifth added in his supplemental motion.

counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

In the context of a plea offer allegedly rejected because of incompetent advice from counsel,

> in order to establish prejudice, a petitioner must show that the outcome of the plea process would have been different had competent counsel represented him during the plea process. If a defendant turns down a legitimate plea offer due to incompetent advice, and is later convicted on more serious counts after trial and receives a more severe sentence, his claim for ineffective assistance of counsel will be successful. There is a strong presumption that counsel has rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect.

7
Case 3:14-cv-05091-DGK   Document 36   Filed 04/14/16   Page 7 of 11

*Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014).

### A. Counsel's pretrial investigation was not ineffective, nor was his advice to reject the initial plea offer.

Movant's first two claims relating to Counsel's pretrial performance, namely that Counsel failed to adequately investigate the case and then wrongly advised him to refuse the initial plea deal, are unavailing.

The credible testimony adduced at the hearing demonstrates that before Counsel recommended Movant refuse the initial plea offer, Counsel amply investigated the case, analyzed its strengths and weaknesses, and then made a strategic calculation about the risk/reward for his client of going to trial. Counsel reviewed the evidence against his client, including the fact that a small amount of drugs, a drug smoking pipe, and some money had been found on the Movant, and determined that a drug distribution case against Movant was not very strong. Tr. at 44-45. Counsel believed the small amount of drugs found on Movant's person indicated he was a drug user, not a drug supplier; that the drug pipe would be excluded from evidence; and that the money could be explained by the fact Movant had IRS documents issued by a casino showing he won it gambling. Tr. at 45. Based on the discovery available to him, Counsel calculated that if Movant lost at trial, he would likely face a ten to twelve year sentence at most, which was not much more than the low end guideline sentence proposed by the Government in the plea offer. Given the risk/reward, Counsel determined that Movant was probably better off taking his chances at trial. This was a strategic decision made after investigation of the relevant law and facts. Counsel made his recommendation, and then his client made his decision not to go to trial. That the decision did not work out as either Movant or Counsel had hoped is irrelevant. Accordingly, there was no ineffective assistance of counsel here. *See Strickland*, 466 U.S. at 690.

8
Case 3:14-cv-05091-DGK   Document 36   Filed 04/14/16   Page 8 of 11

### B. Movant's third, fourth, and fifth claims are meritless because they are not supported by the facts.

Counsel's testimony undermines Movant's third claim that Counsel told Movant Henderson and Warren would not testify, and that Movant told Counsel during trial that he wanted to plead guilty, but Counsel told him he could not. Counsel testified that he was not told until very close to trial that either Henderson or Warren would testify, but that when he became aware they would testify, he told Movant. Counsel also testified Movant never told him during trial that he wanted to plead guilty. The Court finds Counsel's testimony on these points to be significantly more credible than Movant's. Accordingly, there is no merit to claim three.

Movant's fourth claim, that Counsel failed to investigate or attack Henderson and Warren's testimony, also lacks merit. The trial transcript shows Counsel attacked their credibility during cross-examination, including asking Henderson about her having sexual relations with Movant while also having sexual relations with Warren and questioning them about their cooperation agreements with the Government. T. Tr. at 110-14, 116-17, 156-57, 160. That the jury found these witnesses sufficiently credible to convict Movant of conspiracy to distribute methamphetamine does not mean counsel was constitutionally ineffective. Movant appears to be confusing the right to effective assistance of counsel with the non-existent right to a *successful* defense.

> The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Rather, its requirement is met whenever the accused is supplied counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles.

*Taylor v. United States*, 282 F.2d 16, 20 (8th Cir. 1960); *Morreno-Espada v. United States*, 666 F.3d 60, 64-65 (1st Cir. 2012) ("the Constitution pledges to an accused an effective defense, not

necessarily a perfect defense or a successful defense"). Similarly, the fact that the trial court found Henderson and Warren credible enough to use the amounts of methamphetamine they claimed Movant was distributing to establish the relevant conduct amounts for sentencing does not mean Counsel was somehow ineffective. It is "well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003). Hence, there is no merit to claim four.

Finally, the Court finds Movant's fifth claim is refuted by the evidence. As discussed above, the credible evidence adduced at the hearing was that Counsel communicated all plea offers to Movant, and that Movant refused them all. Because Counsel communicated all plea offers to his client, there can be no ineffective assistance of counsel for failure to communicate any plea offer.

## II. No certificate of appealability should be issued.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). In the present case, the Court holds no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Civ. Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:  April 14, 2016 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT